UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| **Lawrence Verline Wilder, Sr.**, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>**Loretta Lynch, et al.**, <br><br>　　　　　Defendants. | No. 7:15-cv-00235-FL |

| | |
|---|---|
| **Lawrence Verline Wilder, Sr.**, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>**Wilmington NC Police, et al.**, <br><br>　　　　　Defendants. | No. 7:15-cv-00236-FL |

**Order & Memorandum and Recommendation**

Plaintiff Lawrence Verline Wilder, Sr. asks the court to allow him to proceed with his lawsuit against Loretta Lynch without paying the required filing fee or other costs normally associated with a civil lawsuit (otherwise known as proceeding "*in forma pauperis*" or "IFP").[1] The court referred these matters to the undersigned pursuant to 28 U.S.C. § 636(b)(1). In connection with its evaluation of this request, the court must also make an initial inquiry into the viability of the plaintiff's claims. If the court determines that the plaintiff's complaints are

---

[1] The only difference between Wilder's two filings is the addition of Defendant Loretta Lynch to the Complaint in *Wilder v. Lynch*. Otherwise, the two Complaints name the same defendants and have the same substance. Additionally, Wilder used the same IFP Motion for each action. Therefore, the court will use one Memorandum and Recommendation.

frivolous, malicious, or fail to state a claim upon which relief may be granted, they must be dismissed. 28 U.S.C. § 1915(e). After reviewing Wilder's financial affidavits and his Complaints, the court orders that his IFP Motions be granted, and recommends that the court dismiss his Complaints without prejudice as frivolous.

**I.    Background**

Wilder, proceeding *pro se*, filed two Motions to Proceed IFP and two Proposed Complaints. *Lynch*, D.E. 1, 1-1; *Wilmington NC Police*, D.E. 1, 1-1. The IFP Motions and the Proposed Complaints are the same, except Wilder added an additional defendant—Loretta Lynch—to the *Lynch* filings. Wilder's Motions to Proceed IFP suggest that Wilder's expenditures greatly exceed his monthly income. The Complaints name numerous defendants and contain various allegations of conspiracy, racial profiling, assaults, entrapment, hate crimes, and failures to prosecute. *Lynch*, D.E. 1-1; *Wilmington NC Police*, D.E. 1-1. Wilder seeks no relief.

**II.    Analysis**

As mentioned above, the court must determine whether Wilder is allowed to proceed without paying the fees and costs normally associated with civil litigation and whether the Complaints can withstand the review required by 28 U.S.C. § 1915. While it is appropriate to grant Wilder's IFP Motions, his Complaints should be dismissed without prejudice as frivolous. Each of these determinations will be discussed in more detail below.

**A.    Application to Proceed in District Court without Prepaying Fees or Costs**

In order to be considered for IFP status, a party must submit an affidavit regarding their monthly income and expenses. Wilder's IFP Motions are unclear as he indicates that he has monthly expenses exceeding $127,000. Because this amount greatly exceeds his monthly income, the court finds that Wilder lacks sufficient resources to pay the required filing fee and

other costs associated with litigation. Therefore, for the limited purpose of this Order, Wilder's IFP Motions are granted.

### B. Screening Pursuant to 28 U.S.C. § 1915

In addition to determining whether Wilder is entitled to IFP status, the court must also analyze the viability of the claims contained in the Complaint. 28 U.S.C. § 1915(e). The court reviews a complaint to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. Specifically, the court must dismiss any portion of the complaint it determines is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Plaintiff's Complaints concern various allegations of conspiracy, racial profiling, assaults, entrapment, hate crimes, and failures to prosecute. *Lynch*, D.E. 1-1; *Wilmington NC Police*, D.E. 1-1. The Complaints are almost entirely unintelligible and raise delusional and fantastical claims. *Lynch*, D.E. 1-1; *Wilmington NC Police*, D.E. 1-1. Plaintiff also seeks no relief. *Lynch*, D.E. 1-1; *Wilmington NC Police*, D.E. 1-1. Plaintiff's Complaints should therefore be dismissed without prejudice as frivolous.

### III. Conclusion

For the reasons stated above, Wilder's applications to proceed *in forma pauperis* are granted (*Lynch* D.E. 1; *Wilmington NC Police*, D.E. 1) and it is recommended that the court

dismiss Plaintiff's Complaints without prejudice (*Lynch*, D.E. 1-1; *Wilmington NC Police*, D.E. 1-1).

Furthermore, the court directs that the Clerk of Court serve a copy of this Memorandum and Recommendation on plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on plainitff to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, plaintiff will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar plaintiff from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation.** *See Wright v. Collins*, **766 F.2d 841, 846–47 (4th Cir. 1985).**

Dated: April 1, 2016

*Robert T. Numbers II*
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE